IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RAYMUNDO VILLEGAS,

Petitioner,

v.

E. EMMERICH,

Respondent.

OPINION and ORDER

26-cv-517-jdp

---

Petitioner Raymundo Villegas, proceeding without counsel, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. He is incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, and he contends that the warden denied him due process before disciplining him with loss of good time and a fine, among other sanctions. He asks the count to expunge his disciplinary record.

A petition under § 2241 is the proper mechanism for challenging the loss of good time. *See Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011). But I must preliminarily review the petition under Rule 4 of the Rules Governing Section 2254 Cases, which applies to § 2241 cases. *Keller v. Watson*, 740 F. App'x 97, 97 (7th Cir. 2018). Rule 4 authorizes me to dismiss a habeas petition summarily if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In practical terms, this means that habeas petitions must cross "some threshold of plausibility." *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996). Villegas's petition does not meet that standard, so I will dismiss the petition. But I will give him an opportunity to fix the problems identified in this order.

## BACKGROUND

Villegas's petition provides little background to his disciplinary proceedings, but I understand him to allege that prison officials accused him of using an unauthorized cell phone. Officials did not find Villegas with the phone. Instead, officials reviewed the contents of the phone and found that it had been used "numerous times" to make phone calls and send text messages to someone who was only on Villegas's contact list. Dkt. 1-1. at 14. After a hearing, the hearing officer found that Villegas had possessed the cell phone.

## ANALYSIS

Villegas contends that he was denied due process for the following reasons:

1. The hearing officer refused to consider an affidavit that Villegas prepared explaining why he should not be found guilty of the offense.

2. Villegas was not provided with a "qualified" interpreter, even though he "does not speak or understand English." Dkt. 1, at 4.

3. The hearing officer refused to check surveillance cameras "to confirm or deny if [Villegas] walked from the West Compound where [he is] housed at to Portage unit in the East Compound as the incident report suggests." *Id.*

4. Villegas did not receive the hearing officer's written decision until almost a month after sanctions were imposed.

5. The hearing officer did not show Villegas the text messages he relied on.

When a prisoner faces the loss of good time, as Villegas did in this case, the disciplinary hearing must meet the following requirements to comply with due process: (1) notice at least 24 hours before the hearing of what the prisoner is accused of; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Scruggs*

*v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). Villegas has not stated a claim under this standard.

As for the refusal to consider Villegas's affidavit, Villegas had the right to present a defense at the hearing. But the documents attached to Villegas's petition suggest that he had the opportunity to make a statement during the hearing. He does not explain why he needed to make his statement in written form.

As for the for the failure to provide a "qualified" interpreter, this court has previously held that a prisoner's right to due process at a disciplinary hearing includes the right to understand the proceedings so that the prisoner can present a defense. *Sandoval v. Holinka*, No. 09-cv-33-bbc, 2009 WL 1773148, at *2–3 (W.D. Wis. June 23, 2009). But Villegas's own petition undermines his claim that he needed an interpreter. His petition and all the documents attached to it are in English. They are all coherent and easy to follow, and there is no indication that someone else prepared the documents. He does not identify any part of the proceeding he did not understand.

Even if Villegas's understanding of English is limited, he admits that he was provided with an interpreter. His only complaint is that the interpreter did not have the proper qualifications. But there is no requirement in the disciplinary context that an interpreter have specific credentials. The important question is whether the prisoner received the assistance he needs to understand the charges against and present a defense. Villegas identifies no way that he was prejudiced by the interpreter who was provided to him.

As for the refusal to check surveillance footage, prison officials may not arbitrarily deny a request to review video evidence that could support the prisoner's defense. *Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002). But Villegas does not explain how the video would have

been helpful. I understand Villegas's position to be that the video evidence would show that he was not in the area of the prison where the cell phone was found. But the hearing officer's decision states that the phone showed that someone had texted and called the number at issue "numerous times." Dkt. 1-1, at 14. Villegas does not explain how evidence of his whereabouts at one point in time would have been helpful. The phone could have been transferred among prisoners and been moved around prison before officers found the phone.

As for the delay in receiving the hearing officer's decision, Villegas does not explain how the delay prejudiced him. He says the delay was "a deliberate attempt to defeat [his] appeal" by causing him to miss his appeal deadline. Dkt. 1, at 4. But he admits that his appeal was ultimately rejected on substantive rather than procedural grounds, namely, that there was substantial evidence supporting the hearing officer's decision. *Id.* at 5. The doctrine of harmless error applies to prison disciplinary proceedings, *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003), so this claim fails.

As for the hearing officer's failure to show Villegas the text messages and phone calls that they relied on, that was not required. Due process requires the hearing officer to explain the reasons for his decision and identify the evidence he relied on. *Scruggs*, 485 F.3d at 939. Prison officials must also turn over evidence showing that the prisoner did not commit the offense. *Id.* But the prisoner does not have a right to personally review incriminating evidence. *Hoskins v. McBride*, 202 F. Supp. 2d 839, 845 (N.D. Ind. 2002), *aff'd sub nom. Hoskins v. Davis*, 66 F. App'x 47 (7th Cir. 2003).

In sum, Villegas's petition does not cross the threshold of plausibility that is required to proceed with a habeas petition. But if Villegas believes that he can fix the problems with his petition identified in this order, I will give him an opportunity to do so.

ORDER

IT IS ORDERED that Raymundo Villegas's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED without prejudice. Villegas may have until October 29, 2026, to file an amended petition that fixes the problems identified in this order. If he does not respond by then, I will dismiss the petition with prejudice and direct the clerk of court to enter judgment.

Entered October 14, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge